UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HARVEY PRESTON,

        Plaintiff,

v.

RANDEE REWERTS et al.,

        Defendants.
_____/

Case No. 1:24-cv-304

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This action was initially filed in the District Court for the Eastern District of Michigan but was transferred to this Court on March 22, 2024. (ECF No. 4.) Plaintiff has not paid the filing or sought leave to proceed *in forma pauperis*. However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis*.¹ Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

¹ The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Preston v. White,* No. 2:03-cv-249 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney,* No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch,* No. 1:03-cv-581 (W.D. Mich. Dec. 5, 2003); *Preston v. MDOC*, No. 1:03-cv-812 (W.D. Mich. Dec. 2, 2003). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Preston v. Russell*, No. 1:21-cv-312 (W.D. Mich. Apr. 29, 2021); *Preston v. Davids*, No. 1:18-cv-803 (W.D. Mich. Aug. 8, 2018); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018); *Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich. Sept. 30, 2016).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.*

3

> *Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff alleges that he has been denied dental, optometry, mental health treatment, and health services. Plaintiff claims that unnamed correctional officers denied him permission to leave the housing unit to attend a doctor's appointment on March 8, 2024. Plaintiff asserts that he has been getting "tampered milk and poisonous food trays" as recently as March 10, 2024. (ECF No. 1, PageID.10.) Plaintiff alleges that the tray included a grilled cheese with a "white substance" on it, hard potatoes, discolored string beans, and a rotten banana. (*Id.*) Plaintiff also contends that his personal property is missing, including obituaries of family, addresses, and phone numbers. Plaintiff believes that staff have set him up with a security threat group in the hope that he would be stabbed. (*Id.*)

Plaintiff makes a conclusory assertion that he has been threatened by Unit 500 Corrections Officers and security threat group members from March 1, 2024, until March 10, 2024, and that his life is in danger. (*Id.*) Plaintiff asserts that he is being deliberately housed with security threat

4

group members when it has been documented that they want to "take his life" and have tried to discover his aunt and uncle's address, his social security number, and his full name. (*Id.*, PageID.11) Plaintiff claims to have been threatened in "many forms [by a] cell rush, stabbing[,] or murdering me." (*Id.*) Plaintiff states that he has requested a transfer to a protective custody unit. (*Id.*, PageID.10.)

Plaintiff alleges that he has no state shoes, t-shirts, or socks, and that Unit 500 staff is refusing to allow Plaintiff to receive indigent store hygiene items, such as soap, toothpaste, a toothbrush, deodorant, or lotion. Plaintiff alleges that his television, headphones, radio, shoes, food, legal transcripts, envelopes, pens, and pencils are also missing; he believes that they have been given to security threat groups. (*Id.*) Plaintiff claims that as a result of the described deprivations, he is suffering from migraines and various pains, as well as distress, loss of sleep, nightmares, and mental anguish. (*Id.*, PageID.11.)

Here, Plaintiff's allegations about his lack of medical care are wholly conclusory. He fails to identify any individual action taken by any individual Defendant to deprive him of medical care. In addition, he utterly fails to describe the nature of the underlying conditions or the urgency of his medical needs. Under these circumstances, his claims concerning medical care are insufficient to demonstrate that he is in imminent danger of serious physical injury for any ongoing denials of medical care.

Moreover, Plaintiff's conclusory allegations that he was given poisonous meals fails to demonstrate that he is in imminent danger of serious physical injury. Plaintiff has routinely made similar allegations about officials at different prisons, beginning as early as 2003, which this Court held were inadequate to state a claim because they were conclusory. *See Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004) (dismissing for failure to state a claim Plaintiff's complaint

5

that the defendant must have tampered with his meal at the Marquette Branch Prison because he felt an immediate throbbing on both sides of his neck after the defendant gave him his food tray); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich.) (attaching grievances alleging Oaks Correctional Facility personnel poisoned his food on numerous occasions); *see also Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich.) (alleging that health services ignored his conclusory complaints that personnel at the Marquette Branch Prison poisoned his food on many occasions, causing him head and chest pain). In addition, this Court previously has denied leave to proceed *in forma pauperis* under the imminent-danger exception based on nearly identical, wholly conclusory allegations that different defendants at ICF poisoned his food in December 2017. *See Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018). Under these circumstances, Plaintiff's conclusory allegations fail to contain sufficient facts to demonstrate that he is in imminent danger of serious physical injury from consuming allegedly poisonous food. Nor do Plaintiff's allegations regarding the loss of personal property show that he was in imminent danger.

Finally, Plaintiff's claims that he is being threatened by security threat group members at the behest of staff are entirely conclusory. Plaintiff fails to name any particular Defendant in relation to this supposed conduct, nor does Plaintiff allege any specific facts showing that a prison official engaged in this behavior. As noted above, conclusory assertions of danger are insufficient for purposes of the imminent danger exception.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in*

*forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma* pauperis. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  April 25, 2024                         /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.